FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

SEP 2 4 2013

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
FIRST CLASS MAIL, POSTAGE PREPAID, TO ALL COUNSEL IP W/FORM
(OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.

DATED: 9-24-13

DEPUTY CLERK

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| ROBERT TORO,<br><br>        Plaintiff,<br><br>   v.<br><br>ROBERT A. EARL, Trustee et al.,<br><br>        Defendants. | Case No. SA CV 13-00872-DSF (DFM)<br><br>MEMORANDUM AND ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

Plaintiff filed a pro se complaint on June 20, 2013, after being granted leave to proceed in forma pauperis. Plaintiff's complaint contains thirty-one (31) causes of action. Plaintiff's complaint names five individuals: (1) Robert A. Earl, as Trustee of the Robert W. Earl Revocable Living Trust; (2) Robert A. Earl; (3) John Earl; (4) Robert W. Earl; and (5) Robert W. Earl, as Trustee of the Robert W. Earl Revocable Living Trust. Plaintiff's complaint also names Does 1 through 20 as defendants. Plaintiff's first cause of action alleges a violation of 42 U.S.C. § 1983. Plaintiff's second through eighteenth causes of action allege violations of the Residential Lead-Based Paint Hazard Reduction Act, 42 U.S.C. §§ 4851 et seq. Plaintiff's nineteenth through thirty-first causes of action allege various state-law claims.

///

1    Plaintiff has applied for an order directing service by the U.S. Marshal's Service

2 under Federal Rule of Civil Procedure 4(c)(3). Before ordering Marshal's service of the

3 complaint, this Court will screen the complaint for purposes of determining whether the

4 action is frivolous or malicious; or fails to state a claim on which relief may be granted; or

5 seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §

6 1915(e)(2).

7    The Court's screening of the complaint under the foregoing statute is governed by the

8 following standards.  A complaint may be dismissed as a matter of law for failure to state a

9 claim for two reasons:  (1) lack of a cognizable legal theory; or (2) insufficient facts under a

10 cognizable legal theory. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.

11 1990). In determining whether the complaint states a claim on which relief may be granted,

12 its allegations of material fact must be taken as true and construed in the light most

13 favorable to Plaintiff.  See Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).

14 Further, since Plaintiff is appearing pro se, the Court must construe the allegations of the

15 complaint liberally and must afford Plaintiff the benefit of any doubt. See Karim-Panahi v.

16 Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988). However, "the liberal pleading

17 standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S.

18 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply

19 essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union

20 Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266,

21 268 (9th Cir. 1982)).  Moreover, with respect to Plaintiff's pleading burden, the Supreme

22 Court has held that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to

23 relief' requires more than labels and conclusions, and a formulaic recitation of the elements

24 of a cause of action will not do. . . . Factual allegations must be enough to raise a right to

25 relief above the speculative level . . . on the assumption that all the allegations in the

26 complaint are true (even if doubtful in fact)." Bell Atlantic Corp. v. Twombly, 550 U.S.

27 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (internal citations omitted, alteration in

28 original); see also Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (holding that

1   to avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual

2   matter, accepted as true, to 'state a claim to relief that is plausible on its face.'  A claim has

3   facial plausibility when the plaintiff pleads factual content that allows the court to draw the

4   reasonable inference that the defendant is liable for the misconduct alleged." (internal

5   citation omitted)).

6          After careful review and consideration of the complaint under the foregoing

7   standards, the Court finds that it suffers from the pleading deficiencies discussed below.

8   Accordingly, the complaint is dismissed with leave to amend. See Noll v. Carlson, 809 F.2d

9   1446, 1448 (9th Cir. 1987) (holding that a pro se litigant must be given leave to amend his

10  complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured

11  by amendment).

12  **A.     Plaintiff's Allegations Are Insufficient to State a § 1983 Claim**

13         Plaintiff's first cause of action alleges that Defendants "have wrongfully deprived

14  Plaintiff of Plaintiff's [h]ome without due process of law and equal protection of the laws in

15  violation of Plaintiff's 5th and 14th Amendment constitutional rights by unlawfully obtaining

16  the writ of possession ('writ') attached hereto." Complaint at 10.  In order to state a claim

17  against a particular defendant for a civil rights violation under § 1983, Plaintiff must allege

18  that the defendant deprived him of a right guaranteed under the Constitution or a federal

19  statute, while acting under color of state law.  Thus, the ultimate issue in determining

20  whether a person is subject to suit under § 1983 is whether the alleged infringement of

21  federal rights is fairly attributable to the government. Rendell-Baker v. Kohn, 457 U.S. 830,

22  838, 102 S. Ct. 2764, 73 L. Ed. 2d 418 (1982); see also Huffman v. County of Los Angeles,

23  147 F.3d 1054, 1057 (9th Cir. 1998) (holding that a defendant must have acted "under color

24  of law" to be held liable under § 1983).  Simply put, section 1983 "excludes from its reach

25  merely private conduct, no matter how discriminatory or wrong." American Mfrs. Mut.

26  Ins. Co. v. Sullivan, 526 U.S. 40, 49 (1999) (citations and internal quotations omitted).

27         Plaintiff appears to recognize this requirement, and accordingly alleges that

28  "[d]efendants' commencement of an unlawful detainer action under CCP § 1161 with state

3

officials who then adjudicates [sic] a ruling (i.e. state courts) as to who is entitled to possession of the property, administrates [sic] that ruling by issuing a writ of possession (i.e. clerk's office) and which is in turn enforced by [sic] the county sheriff clearly constitutes an action under the 'color of state law." Complaint at 12. Plaintiff's statement is overbroad and thus incorrect as a matter of law. Because Defendants are private not state actors, Plaintiff may not bring a cause of action under § 1983 unless Plaintiff sufficiently alleges that Defendants conspired or acted jointly with a state actor to deprive Plaintiff of his constitutional rights. See United Steelworkers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540 (9th Cir. 1989) ("Private parties act under color of state law if they willfully participate in joint action with state officials to deprive others of constitutional rights.") (en banc). Notably, Plaintiff's complaint does not identify any specific state actor with whom Defendants conspired or acted jointly. Accordingly, the allegations of the complaint are insufficient to support any inference that Defendants and any person acting under color of state law reached an "agreement or meeting of the minds to violate [Plaintiff's] constitutional rights." Id. at 1540-41 (internal quotation marks omitted); see also DeGrassi v. City of Glendora, 207 F.3d 636, 647 (9th Cir. 2000) (holding that "a bare allegation" that a private person acted jointly with state officials is insufficient to state a claim under § 1983); Franklin v. Fox, 312 F.3d 423, 445 (9th Cir. 1992) (concluding that a "substantial degree of cooperation" with a state official is required to impose civil liability on private individuals for actions that "impinge on civil rights"). The Court therefore concludes that Plaintiff's allegations are insufficient to state a claim under § 1983 against Defendants.

**B.      Plaintiff's Remaining Causes of Action Are Arguably Sufficient**

The Court's review of Plaintiff's remaining causes of action indicates that they are arguably sufficient to state a claim for relief. This conclusion at this stage is preliminary only; it is expressly without prejudice to the right of any defendant named in those causes of action to make any motion under the Federal Rules of Civil Procedure challenging the sufficiency of the Complaint, or any claim contained therein.

*********

4

If Plaintiff still desires to pursue the first cause of action, he shall file a First Amended Complaint within thirty (30) days of the date of this Order remedying the deficiencies discussed above. If Plaintiff desires to pursue only the non-§ 1983 causes of action, he shall file a First Amended Complaint within thirty (30) days of the date of this Order deleting the first cause of action. The remaining causes of action should be re-numbered accordingly.  In either event, Plaintiff's First Amended Complaint should bear the docket number assigned in this case; be labeled "First Amended Complaint"; and be complete in and of itself without reference to the original Complaint or any other pleading, attachment or document.

**Plaintiff is admonished that, if he fails to timely file a First Amended Complaint, the Court will recommend that this action be dismissed with prejudice for failure to diligently prosecute.**

Dated:   September 24, 2013

DOUGLAS F. McCORMICK
United States Magistrate Judge